**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jorge Arturo IGLESIAS–VASQUEZ,**
**Defendant–Appellant.**

**No. 13–41287**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 17, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Jorge Arturo Iglesias–Vasquez raises

an argument that he concedes is foreclosed by *United States v. Morales–Mota*, 704 F.3d 410, 412 (5th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 133 S.Ct. 2374, 185 L.Ed.2d 1091 (2013). In *Morales–Mota*, 704 F.3d at 412, this court, relying upon its holding in *United States v. Joslin*, 487 Fed.Appx. 139, 141–43 (5th Cir.2012), *cert. denied*, —— U.S. ——, 133 S.Ct. 1847, 185 L.Ed.2d 851 (2013), rejected the argument that the Texas offense of "burglary of a habitation" is broader than the generic, contemporary definition of "burglary of a dwelling" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it defines the "owner" of a habitation as a person with a "greater right to possession of the property than the actor." Iglesias–Vasquez's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.